UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARY SUE CEHI,**

    **Plaintiff,**

v.                           Case No:

**HSN, INC.,**

    **Defendant.**                 **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **MARY SUE CEHI** ("Ms. Cehi" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **HSN, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in placing calls using an automatic telephone dialing system or automated voice or prerecorded message to Ms. Cehi's Cellular Telephone after Ms. Cehi revoked consent for Defendant to place such calls, and by communicating with Ms. Cehi's father in attempts to collect a debt, all of which can reasonably be expected to harass Ms. Cehi.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Cehi, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Cehi is the regular user and subscriber of the cellular telephone number 727-648-0266 ("Ms. Cehi's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of FL and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8. In or around December of 2015, Ms. Cehi opened credit card account with Defendant for personal use ("Account").

9. Sometime thereafter, Ms. Cehi fell behind on her payments to Defendant for the purchase of a pillow and incurred an outstanding balance on the Account ("Debt").

10. In or around January of 2016, Defendant began placing calls to Ms. Cehi's Cellular Telephone in attempts to collect the Debt.

11. Shortly thereafter, Defendant even called Ms. Cehi's father in attempts to collect the Debt.

12. After Defendant called Ms. Cehi's father, Ms. Cehi returned one of Defendant's many calls and demanded that Defendant stop calling her Cellular Telephone and her father's telephone.

13. During this call Ms. Cehi demanded that Defendant only communicate with her in writing.

14. Despite Ms. Cehi's demands, Defendant called Ms. Cehi's Cellular Telephone at least one hundred (100) more times.

15. All of Defendant's calls to Ms. Cehi's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

16. Ms. Cehi re-alleges paragraphs 1-15 and incorporates the same herein by reference.

17. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

18. Ms. Cehi revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2016 when she expressly told Defendant to stop calling her Cellular Telephone and all communications regarding the Debt be in writing.

19. Despite this revocation of consent, Defendant thereafter called Ms. Cehi's Cellular Telephone at least one hundred (100) times.

20. Defendant did not place any emergency calls to Ms. Cehi's Cellular Telephone.

21. Defendant willfully and knowingly placed non-emergency calls to Ms. Cehi's Cellular Telephone.

22. Ms. Cehi knew that Defendant called Ms. Cehi's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

23. Ms. Cehi knew that Defendant called Ms. Cehi's Cellular Telephone using a prerecorded voice because Defendant left Ms. Cehi at least one voicemail using a prerecorded voice.

24. Defendant used an ATDS when it placed at least one call to Ms. Cehi's Cellular Telephone.

25. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Cehi's Cellular Telephone.

26. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Cehi's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Cehi's Cellular Telephone.

28. At least one call that Defendant placed to Ms. Cehi's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

29. At least one call that Defendant placed to Ms. Cehi's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

30. At least one call that Defendant placed to Ms. Cehi's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

31. At least one call that Defendant placed to Ms. Cehi's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

32. At least one call that Defendant placed to Ms. Cehi's Cellular Telephone was made using a prerecorded voice.

33. Defendant has recorded at least one conversation with Ms. Cehi.

34. Defendant has recorded more than one conversation with Ms. Cehi.

35. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Cehi, for its financial gain.

36. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Cehi's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

37. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Cehi, despite individuals like Ms. Cehi revoking any consent that Defendant believes it may have to place such calls.

38. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Cehi's Cellular Telephone.

39. Defendant has corporate policies to abuse and harass consumers like Ms. Cehi despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

40. Defendant's phone calls harmed Ms. Cehi by trespassing upon and interfering with Ms. Cehi's rights and interests in her Cellular Telephone line.

41. Defendant's phone calls harmed Ms. Cehi by wasting her time.

42. Defendant's phone calls harmed Ms. Cehi by causing her emotional distress.

43. Defendant's phone calls harmed Ms. Cehi by causing her loss of sleep.

44. Defendant's phone calls harmed Ms. Cehi by causing her embarrassment.

45. Defendant's phone calls harmed Ms. Cehi by being a nuisance and causing her aggravation.

46. Defendant's phone calls harmed Ms. Cehi by causing a risk of personal injury to Ms. Cehi due to interruption and distraction.

47. Defendant's phone calls harmed Ms. Cehi by invading her privacy.

48. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

49. Ms. Cehi re-alleges paragraphs 1-15 and incorporates the same herein by reference.

50. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72 (7) by communicating with Ms. Cehi's father in attempts to collect the Debt with knowledge that Ms. Cehi's father does not have a legitimate need for the

       information concerning the Debt, which can reasonably be expected to harass Ms. Cehi.

    b. Defendant also violated Fla. Stat. § 559.72 (7) by continuing to place calls to Ms. Cehi's Cellular Telephone despite Ms. Cehi's demand that Defendant cease its calls, which can reasonably be expected to harass Ms. Cehi.

51. As a result of the above violations of the FCCPA, Ms. Cehi has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

52. Defendant's actions harmed Ms. Cehi by trespassing upon and interfering with Ms. Cehi's rights and interests in her Cellular Telephone line.

53. Defendant's actions harmed Ms. Cehi by wasting her time.

54. Defendant's actions harmed Ms. Cehi by interrupting her at work.

55. Defendant's actions harmed Ms. Cehi by causing her emotional distress.

56. Defendant's actions harmed Ms. Cehi by causing her loss of sleep.

57. Defendant's actions harmed Ms. Cehi by causing her embarrassment.

58. Defendant's actions harmed Ms. Cehi by being a nuisance and causing her aggravation.

59. Defendant's actions harmed Ms. Cehi by causing a risk of personal injury to Ms. Cehi due to interruption and distraction.

60. Defendant's actions harmed Ms. Cehi by invading her privacy.

61. It has been necessary for Ms. Cehi to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

62. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Mary Sue Cehi, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 2, 2018**,

>*/s/ Michael A. Ziegler*
>Michael A. Ziegler, Esq.
>Florida Bar No. 74864
>mike@zieglerlawoffice.com
>
>*/s/  Kaelyn Steinkraus*
>Kaelyn Steinkraus, Esq.
>Florida Bar No. 125132
>kaelyn@zieglerlawoffice.com
>
>Law Office of Michael A. Ziegler, P.L.
>13575 58th Street North, Suite 129
>Clearwater, FL 33760
>(p)  (727) 538-4188
>(f)  (727) 362-4778
>Attorneys and Trial Counsel for Plaintiff